IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

THE UNITED STATES OF AMERICA,   )
   )
               Plaintiff,   )   CIVIL ACTION NO. *C 07-2019*
   )
           v.   )
   )
MIDAMERICAN ENERGY COMPANY,   )   CIVIL COMPLAINT FOR RELIEF
   )   UNDER SECTIONS 106 AND 107
            Defendant.   )   OF CERCLA
   )

The United States of America, by authority of the Attorney General of the United States

and through the undersigned attorneys, acting at the request of the United States Environmental

Protection Agency (EPA) hereby files this Civil Complaint for Relief Under Sections 106 and

107 of CERCLA, 42 U.S.C. §§ 9606 & 9607, and alleges as follows:

<u>INTRODUCTION</u>

1.     This is a civil action brought pursuant to Sections106 and 107 of the

Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended

("CERCLA"), 42 U.S.C. §§ 9606 & 9607.  By this action the United States seeks an order

compelling defendant MidAmerican Energy Company (MidAmerican) to implement the

permanent environmental remedy selected for the Waterloo Coal-Gasification Superfund Site in

Waterloo, Iowa ("the Site") by EPA in its Record of Decision (ROD) for the Site dated

September 2004; recovery of all costs incurred by the United States in response to releases or

threatened releases of hazardous substances at or from the Site; and a judgment of liability, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(3), for response costs that will be binding on any subsequent action or actions to recover further response costs.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3.      Pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), venue is proper in this district because the releases or threatened releases of hazardous substances that give rise to the claims occurred in this judicial district and the defendant does business in this judicial district.

## DEFENDANT

4.      Defendant MidAmerican Energy Company (MidAmerican) is incorporated in the State of Iowa and does business in the State of Iowa.  MidAmerican is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## RELEVANT FACTS

5.      The Waterloo Coal-Gasification Superfund Site ("the Site") is located on 4.7 acres of industrial property on the west bank of the Cedar River, in Waterloo, Iowa.  The Site is the former location of a coal-gasification plant owned and operated by defendant MidAmerican from approximately 1901 to 1956.

6.      The coal-gasification plant owned and operated by MidAmerican at the Site manufactured natural gas, and produced, as a waste by-product, coal tar containing various

"hazardous substances," as that term in defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

7.    During MidAmerican's ownership and operation of the plant, MidAmerican disposed of significant quantities of waste coal tar on the Site. Significant quantities of hazardous substances in the coal tar were released into the soil and groundwater at the Site.

8.    Thus there have been releases and/or threats of releases of hazardous substances at the Site during a period of MidAmerican's ownership and operation of the Site.

9.    EPA conducted a Preliminary Assessment (PA) of the Site in 1988, and placed the Site on the National Priorities List in October of 1992.

10.    The National Priorities List is a national list of hazardous waste sites posing the greatest threat to health, welfare and the environment. The National Priorities List has been established pursuant to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a).

11.    In December of 1993, EPA issued an Administrative Order on Consent (AOC) to MidAmerican requiring it to perform a removal action at the Site. The removal action involved the removal of significant quantities of soil contaminated with various hazardous substances. MidAmerican subsequently completed two additional phases of the removal action at the Site.

12.    EPA issued an AOC to MidAmerican in May of 1995 requiring MidAmerican to conduct a Remedial Investigation / Feasibility Study (RI/FS) at the Site. The purpose of the RI/FS was to characterize the nature and extent of contamination at the Site.

13.    In September of 2004, EPA issued a Record of Decision (ROD) for the Site. The ROD set forth the permanent environmental remedy selected by EPA for the Site.

14.    To date, EPA has incurred $87,177.25 in unreimbursed costs inn response to releases and threats of releases of hazardous substances at the Site.

## LAW GOVERNING CLAIMS FOR RELIEF UNDER SECTION 107 OF CERCLA

15.    Sections 104(a) and (b) of CERCLA, 42 U.S.C. §§ 9604(a) & (b), provide that whenever any hazardous substance is released into the environment, or there is a substantial threat of such a release, the President is authorized to act, consistent with the National Contingency Plan, to remove or arrange for the removal of such hazardous substance, and to undertake such investigations, monitoring, surveys, testing or other information gathering as necessary to identify the existence and extent of the releases and the extent of the danger to public health or welfare or to the environment.

16.    Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides:

In addition to any other action taken by a State or local government, when the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest and the equities of the case may require. The President may also, after notice to the affected State, take other action under this section including, but not limited to, issuing such orders as may be necessary to protect public health and welfare and the environment.

17.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section --

> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> * * *

shall be liable for --

(A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan

## GENERAL ALLEGATIONS

18.    The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

19.    Hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been generated and disposed of at the Site, and have come to be located in the soil and groundwater at the Site.

20.    There are and were, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), releases and threatened releases of hazardous substances into the environment at and from the Site.

21.    As a result of the releases or threatened releases of hazardous substances at or from the Site, the United States has, through EPA, incurred "response" costs as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), for actions taken in response to the releases or threatened releases at or from the Site. The United States will continue to incur response costs in connection with the Site.

22.     As a result of such response actions, the United States has incurred costs for response actions.  Such costs have not been fully reimbursed.

23.     The response costs incurred by the United States are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

FIRST CLAIM FOR RELIEF:
OWNER/OPERATOR CLAIM FOR THE SITE
UNDER SECTION 107(a)(2) OF CERCLA

24.     Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25.     Defendant MidAmerican owned and operated a coal-gasification plant at the Site during the time of the disposal of hazardous substances at the Site.

26.     Hazardous substances have been released at or from the Site into the environment within the meaning of CERCLA, 42 U.S.C. §§ 9601, 9607.

27.     MidAmerican is therefore liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), for all costs incurred by the United States in response to releases or threats of releases of hazardous substances at the Site.

28.     MidAmerica has not fully reimbursed the United States for the costs incurred in responding to the release of hazardous substances at the Site.

SECOND CLAIM FOR RELIEF:
LIABILITY FOR REMEDY IMPLEMENTATION
UNDER SECTION 106 OF CERCLA

29.     Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30.     Defendant Mid-American is liable under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), to take such as EPA determines are necessary to protect the public health and welfare and the environment at the Site.

-6-

31.     The United States is authorized by Section 106 of CERCLA to seek an order from this Court requiring defendant MidAmerican to implement EPA's selected remedy for the Site.

32.     This Court may order defendant MidAmerican, as a liable party under Section 107(a)(2) of CERCLA, to implement EPA's selected remedy at the Site.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

1.     Issue an Order to Defendant MidAmerican requiring it to implement the permanent environmental remedy selected by EPA for the Site in EPA's September 2004 ROD;

2.     Enter judgment against Defendant MidAmerican for all costs incurred by the United States in response to releases or threats of releases of hazardous substances at the Site;

3.     Award the United States prejudgment interest on its response costs;

4.     Enter a declaratory judgment of liability against Defendant MidAmerican, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding on any subsequent action or actions to recover further response costs; and

5.    Grant such other relief as the Court deems appropriate.


Respectfully submitted,

MATTHEW McKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Dept. of Justice
Washington, D.C.


ELLEN M. MAHAN
Deputy Chief
Environmental Enforcement Section
U.S. Dept. of Justice
Washington, D.C.


SEAN CARMAN
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044
(202) 514-2746
sean.carman@usdoj.gov

MATT M. DUMMERUTH
United States Attorney
Northern District of Iowa


7 March 2007                    By: *Robert M. Butler*
Date                                ROBERT M. BUTLER
                                    Assistant United States Attorney
                                    U.S. Department of Justice
                                    401 First Street SE, Suite 400
                                    Cedar Rapids, IA 52401-1825
                                    Phone: (319) 363-6333
                                    Fax: (319) 363-1990
                                    bob.butler@usdoj.gov




JAMES STEVENS
Assistant Regional Counsel
Office of Regional Counsel
U.S. EPA, Region 7
901 N. 5th Street
Kansas City, KS  66101